IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICK MONTEZ, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00036-OLG |
| | § | |
| vs. | § | |
| | § | |
| COURT 175TH, BEXAR COUNTY; | § | |
| COURT 150TH, BEXAR COUNTY; | § | |
| COURT CC1, BEXAR COUNTY; AND | § | |
| COURT 290TH, BEXAR COUNTY, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] and Proposed Complaint [#1-1], filed January 14, 2022.  This case was automatically referred to the undersigned under this district's Standing Order on motions to proceed *in forma pauperis*.  The undersigned therefore has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case.  Having considered the motion and documentation provided by Plaintiff, the undersigned recommends that the motion to proceed IFP be granted but that Plaintiff's proposed Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

## I.  Analysis

**A.    Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and has no savings or assets.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the undersigned will recommend that Plaintiff's motion to proceed IFP be granted.

**B.    Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's proposed Complaint consists of a single page alleging that Plaintiff was falsely sent to prison on various criminal convictions he believes to be fraudulent.  (Compl. [#1-1], at 2.)

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Plaintiff characterizes his suit as a tort lawsuit for false imprisonment. (*Id.*) Plaintiff seeks damages from the courts for this alleged fraud in the amount of $3,800 per minute of his incarceration. (*Id.*) Attached to Plaintiff's proposed Complaint are over 200 pages of documents related to his previous criminal convictions. The named Defendants in this suit are four Bexar County courts, presumably the courts responsible for Plaintiff's convictions. Plaintiff's Complaint does not provide the Court with any factual allegations as to why he believes his convictions to be fraudulent or why the named Defendant courts may be held liable for his alleged false imprisonment.

The Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Under Texas law, the tort of false imprisonment is comprised of three elements: (1) willful detention; (2) without consent; and (3) without authority of law. *Sears, Roebuck & Company v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). If Plaintiff is pleading purely state-law tort claims in this case, this Court lacks jurisdiction over Plaintiff's lawsuit. Federal courts only have jurisdiction over state-law causes of action where there is complete diversity among the parties, meaning Plaintiff does not share the same state citizenship as any of the named Defendants in this case. *See* 28 U.S.C. § 1332. As both Plaintiff and the Bexar County courts (or whatever individual from these courts Plaintiff is attempting to sue) all have Texas residence, there is not complete diversity of citizenship, and Plaintiff's claims must be dismissed for lack of jurisdiction.

Insofar as Plaintiff is attempting to plead a federal cause of action for a violation of his civil rights, these claims also fail as a matter of law. Plaintiffs' claims of false imprisonment are essentially a request for the Court to declare his convictions invalid and to award him monetary

relief.  Such relief is squarely foreclosed by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck*, the Supreme Court held that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that 'his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486–87).  Plaintiff's proposed Complaint fails to allege any facts that would save his claims from *Heck*'s bar.

Normally, the Court would permit Plaintiff to file a more definite statement containing additional factual allegations attempting to cure these deficiencies before evaluating his proposed Complaint under Section 1915(e).  Yet Plaintiff has already attempted to seek this same relief from the Bexar County courts in a previous lawsuit before this Court.  *See Montez v. Court 175th*, 5:21-CV-595-OLG-HJB.  After giving Plaintiff multiple opportunities to show cause why his case should not be dismissed for failure to state a claim and granting extensions for Plaintiff to object to a report and recommendation of the United States Magistrate Judge recommending the same, the District Court concluded that Plaintiff had failed to allege any facts suggesting that his convictions had been invalidated or declared unconstitutional so as to avoid *Heck*'s bar.  The same result is compelled here.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District

Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's Complaint [#1-1] be **DISMISSED** pursuant to Section 1915(e).

### III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 2nd day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE